1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RICHARD AVALOS,

        Petitioner,

    v.

SCOTT FRAUENHEIM,

        Respondent.

Case No. 1:15-cv-00500-BAM  HC

ORDER DISMISSING PETITION
FOR FAILURE TO STATE A
COGNIZABLE FEDERAL CLAIM

(Docs. 1 and 2)

### SCREENING ORDER

      Petitioner, a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserts a single claim: that his constitutional right to due process was violated when prison officials illegally disciplined him for his cellmate's possession of manufactured alcohol (pruno).  Because the petition fails to state a cognizable federal claim, the Court dismisses it.[1]

## I.    **Preliminary Screening**

      Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules

---

[1] Petitioner consented to the jurisdiction of the Magistrate Judge for all purposes.  (Doc. 5.)

Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## II.   Procedural and Factual Background

At 7:00 a.m. on July 31, 2012, Correctional Officer A. Mercado detected a strong odor of inmate manufactured alcohol (pruno) coming from the cell occupied by Petitioner and his cellmate Rios.  In a subsequent search of the cell, Officer Mercado discovered approximately 2 ½ gallons of pruno in a plastic bag in a common area of responsibility of both inmates.

At an institutional hearing on August 11, 2012, Rios pleaded guilty to the charge of a Division C Offense of "Possession of Inmate Manufactured Alcohol (Pruno)." Rios stated, "It's all me.  It's all my fault."  Doc. 1 at 56.

Later on August 11, 2012, Petitioner personally appeared at an institutional hearing and pled not guilty to the charge of a Division C Offense of "Possession of Inmate Manufactured Alcohol (Pruno)."  At the hearing, Plaintiff partly admitted guilt: ". . . I knew that morning it was in the cell." Doc. 1 at 50.  The Senior Hearing Officer (SHO) found Petitioner guilty and assessed a credit forfeiture of 120 days and loss of privileges.

Petitioner appealed the decision, contending (1) that he was misquoted and that he actually stated that he knew that the pruno had been found in his cell when he returned from breakfast and (2) that he was wrongly disciplined for the actions of his cellmate.  Denying the appeal at the second level, the Appeals Coordinator wrote:

> Mr. Avalos, a cell search was conducted of your assigned cell.  Inmate manufactured alcohol was found in your assigned cell.  The making of alcohol takes several days before it reaches the state as it was found in your cell.  The Officer could smell the odor of alcohol outside your cell with the door closed; therefore it is hard to believe you had no knowledge of the alcohol with this strong odor permeating from your cell.  You are reminded that you will be held responsible and accountable for your living area at all times.  Your claims in this

2

appeal have been proven false and your guilty finding will not be changed.

Doc. 1 at 39.

On December 14, 2012, following review at the third level, the appeal was again denied.  The

Appeals Examiner wrote:

> The appellant claims that he did not possess the alcohol which was discovered in
> his cell.  The alcohol was found in a common area of the cell, possessed a strong
> odor, was of large quantity, and the sergeant verified that it was alcohol.  The
> cellmate's claim of ownership does not eliminate the appellant's culpability in this
> matter.  The appellant had the ability to be proactive in his dissociation from the
> situation.  He did not choose to exercise this option, and must in light of the
> evidence, share responsibility for the rule violation.  The appellant asserts that he
> is not responsible for the actions of his cell partner.  The evidence presented by
> the Reporting Employee leads a reasonable person to believe that appellant was
> aware of the presence of the contraband in the cell and he gave his implied
> consent to allow the alcohol into the cell.

Doc. 1 at 38.

The Appeals Examiner concurred in the finding that Petitioner was aware of the pruno and

exercised constructive control over it.  He found no evidence to support Petitioner's contention that

the SHO misquoted Petitioner.  He declined to address various issues and requests first presented at

the third level of appeal.  Finally, the Appeals Examiner concluded that Petitioner was provided with

all necessary administrative protections throughout the hearing and appeals process and that the

evidence supported the findings and disposition.

Petitioner filed a petition for writ of habeas corpus in state court on February 19, 2013.  On

March 21, 2013, the Fresno County Superior Court dismissed Petitioner's habeas corpus petition for

failure to state a prima facie case for relief.  The Superior Court held that the requirements for

federal due process are satisfied if some evidence supports the prison disciplinary board's decision to

revoke good time credits.  Evaluating the standard of review, said the court, does not require

examination of the record as a whole, independent assessment of the witnesses' credibility, or

weighing of the evidence.  The California Court of Appeal for the Fifth Appellate District summarily

denied the petition on May 23, 2013.  The Supreme Court of California summarily denied the

petition on February 18, 2015.

On April 1, 2015, Petitioner filed a timely § 2254 petition in this Court along with a motion

for judicial notice of *Brown v. Plata*, 131 S.Ct. 1910 (2011).

## III.   **Standard of Review**

Habeas corpus is neither a substitute for a direct appeal nor a device for federal review of the

merits of a guilty verdict rendered in state court.  *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)

(Stevens, J., concurring).  Habeas corpus relief is intended to address only "extreme malfunctions" in

state criminal justice proceedings.  *Id.*

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism

and Effective Death Penalty Act of 1996 (AEDPA), the Court must apply its provisions.  *Lindh v.

Murphy*, 521 U.S. 320, 327 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997), *overruled

on other grounds by Gonzalez v. Arizona*, 677 F.3d 383 (9th Cir. 2012).  Under AEDPA, a petitioner

can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.
>
> 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); *Williams v.
> Taylor*, 529 U.S. 362, 413 (2000).

"By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court,

subject only to the exceptions set forth in §§ 2254(d)(1) and (d)(2)."  *Harrington v. Richter*, 562 U.S.

86, 98 (2011).

As a threshold matter, a federal court must first determine what constitutes "clearly

established Federal law, as determined by the Supreme Court of the United States."  *Lockyer*, 538

U.S. at 71.  To do so, the Court must look to the holdings, as opposed to the dicta, of the Supreme

Court's decisions at the time of the relevant state-court decision.  *Id.*  The court must then consider

4

whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Id.* at 72. The state court need not have cited clearly established Supreme Court precedent; it is sufficient that neither the reasoning nor the result of the state court contradicts it. *Early v. Packer*, 537 U.S. 3, 8 (2002). The federal court must apply the presumption that state courts know and follow the law. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). The petitioner has the burden of establishing that the decision of the state court is contrary to, or involved an unreasonable application of, United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996).

The AEDPA standard is difficult to satisfy since even a strong case for relief does not demonstrate that the state court's determination was unreasonable. *Harrington*, 562 U.S. at 102. "A federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, 538 U.S. at 75-76. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Put another way, a federal court may grant habeas relief only when the state court's application of Supreme Court precedent was objectively unreasonable and no fair-minded jurist could disagree that the state court's decision conflicted with Supreme Court's precedent. *Williams*, 529 U.S. at 411.

## IV.    Alleged Violation of Due Process Rights

When the state has made good time subject to forfeiture only for serious misbehavior, procedural due process of law requires inmates subject to the loss of conduct credits to be given advance written notice of the claimed violation, a right to call witnesses and present documentary evidence where it would not be unduly hazardous to institutional safety or correctional goals, and a written statement of the finder of fact setting forth the evidence relied upon and the reasons for the

disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 563-64 (1974). If the inmate is illiterate, or if the issue is so complex that it is unlikely that the inmate will be able to collect and present the evidence necessary for adequate comprehension of the case, the inmate should be given access to help from staff or a sufficiently competent inmate designated by staff. Confrontation, cross-examination, and counsel are not required. *Id.* at 568-70. As demonstrated by the documentation appended to and incorporated into the petition, the institution hearing procedure complied with the procedural due process requirements in all respects. In the ensuing state habeas process, the California state courts properly applied the applicable federal standard for evaluating Petitioner's allegation of due process violations. S*ee* Doc. 1 at 24-25.

When conduct credits are a protected liberty interest, some evidence in the record must support the revocation decision. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). To determine satisfaction of the standard, a court need not examine the entire record, independently assess witnesses' credibility, or weigh the evidence. *Id.* at 455-56. The only relevant question is whether any evidence in the record could support the disciplinary board's conclusion. *Id.*

Pointing to Rios's statement that the pruno and its production were solely his doing, Petitioner contends that the institutional hearing personnel and the state courts erred in finding him guilty and imposing punishment. The Court disagrees. The institutional and state decisions were supported by evidence, even though that evidence was unfavorable to Petitioner. As the hearing officer explained, Rios' claiming ownership and responsibility did not absolve Petitioner of culpability when he had to have known of the presence of the pruno, the smell of which was so intense that a correctional officer could smell it outside the closed cell, and the quantity of which (2 ½ gallons) was sufficient to be obvious in the cell's limited common area. Neither the institutional hearing personnel nor the state courts erred in concluding that Petitioner had constructive possession of the pruno, even if Rios prepared it and claimed ownership.

///

**V.**   <u>**State Claim**</u>

Apparently for the first time, Petitioner contends in his federal petition that the state courts erred in failing to take judicial notice of *In re Ishmael Ali Muhammed* (Cal. Super. Ct. (Sacramento Cty.) Dec. 16, 1991) (No. 105458).  Alleged errors in the application of state law are not cognizable in federal habeas corpus.  *Souch v. Schaivo*, 289 F.3d 616, 623 (9th Cir. 2002).  Accordingly, the Court does not reach this issue.

**VI.**   <u>**Conditions of Confinement**</u>

A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution.  28 U.S.C. § 2254(a).  "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  *Preiser v. Rodriguez*, 411 U.S. 475, 488-89 (1973).  Challenges to the conditions of prison life are properly brought under 42 U.S.C. § 1983.  *McCarthy v. Bronson*, 500 U.S. 136, 142 (1991).  A plaintiff may not seek both types of relief in a single action.  *See Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994); *Preiser*, 411 U.S. at 498-99 n. 15; *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990); *Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases*.

Petitioner attempts to craft a conditions of confinement argument that the housing of two prisoners in cells designed for single occupancy somehow acts as a constitutional bar to his being found guilty of possession of contraband.  He requests judicial notice of *Brown v. Plata*, 131 S.Ct. 1910 (2011).  Despite his citation to the United States Supreme Court case, however, Petitioner appends to the petition limited annotated excerpts of *Coleman v. Schwarzenegger*, 922 F.Supp.2d 882 (E.D. Cal. and N.D. Cal. 2009).  The *Coleman/Plata* lines of cases are inapposite because they were brought under 42 U.S.C. § 1983 and addressed conditions of confinement, particularly medical (*Coleman*) and mental health (*Plata*) in California prisons.  Accordingly, the Court denies Petitioner's motion for judicial notice.

Further, to the extent that Petitioner intends to raise the double-celling of prisoners as a condition of confinement, the Court would be required to dismiss that claim from the pending habeas action.

As the Court understands the petition, however, Petitioner's intent is not to assert a conditions of confinement claim, but to disarm the conclusion that he could be found guilty of possessing contraband simply because he shared a cell with the inmate who created and possessed it.  Petitioner quotes, "'In California, design capacity is based on one inmate per cell, single bunks in dormitories, and no beds in space not designed for housing." *Coleman*, 922 F.Supp.2d at 910 (quoting Corrections Independent Review Panel, Ex. P4 at 123).  In context, the *Coleman* court discussed the impact of prison overcrowding on the capacities of the prisons' medical and mental health facilities. Petitioner, however, attempts to defeat the guilt finding for possessing inmate manufactured alcohol (pruno) by arguing that he could not have been implicated in his cellmate's illicit activities if he had been individually housed.  Not only is his argument farfetched, but it also fails to acknowledge his own complicity in illicit activities of which  the institutional tribunal and state courts concluded he had to have been aware.

But in any event, the *Coleman* dicta regarding the design capacity of California prisons in general did not grant inmates a federal right to be singly celled.  Regardless of the merits of Petitioner's creative argument, housing him in a cell with another prisoner was not contrary to, nor did it involve, an unreasonable application of, clearly established Federal law.  As a result, it is not a cognizable claim in this habeas action.

**V.    Certificate Of Appealability Denied**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b)  There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B)  the final order in a proceeding under section 2255.

(2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court declines to issue a certificate of appealability.

1

**CONCLUSION AND ORDER**

2

The Petition for Writ of Habeas Corpus fails to state a cognizable federal claim.

3

Accordingly, the Court hereby ORDERS that:

4

1.  The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE.

5

2.  The Clerk of Court is DIRECTED to enter judgment; and

6

7

3.  The Court DECLINES to issue a certificate of appealability.

8

9

IT IS SO ORDERED.

10

Dated:   __June 5, 2015__                    __/s/ Barbara A. McAuliffe__

11

UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10